Bartlett v. Ball.

BARTLETT, *Appellant*, v. BALL.

Division Two, December 7, 1897.

1. **Dower**: STATUTE OF 1825: DEFENDANT NOT A CREDITOR: BREACH OF WARRANTY IN DEED. Revised Statutes of 1825, volume 1, page 333, states that no widow "shall be entitled to dower in any lands, tenements or hereditaments until all debts due or to become due by her deceased husband have been paid." *Held*, that this statute can not be invoked to defeat the widow's dower by a person who was not a creditor of her husband. Nor could such statute be invoked against the widow's dower on the ground that her husband had made a warranty deed covenanting that he and his heirs would defend the title *in futuro*, and that the widow was his devisee under a will to a valuable property, *unless* the *breach* of the covenants was pleaded. *Held*, also, that as the covenant of warranty mentions "heirs" and not "devisees," the statute of 1878 (R. S. 1889, sec. 8839), making devisees answerable upon any covenant to the extent of the lands devised to them, does not require the devisee of the maker of said deed to make good the loss sustained by a future purchaser, due to a breach of such covenant, and *held*, also, that such statute could not have a retrospective force even if the deed had covenanted for the "devisees."

2. ———: STATUTES OF 1878: HUSBAND'S COVENANTS OF WARRANTY. The statute of 1878, making devisees and heirs answerable to subsequent purchasers for a breach of a covenant in a warranty deed, to the extent of the lands devised or descended, does not affect, obstruct or defeat the inchoate dower right of a wife, or such right when it becomes absolute in a widow by reason of her husband's death, even though the husband sells the land in his lifetime and at his death makes her his devisee.

*Appeal from Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*J. H. Blair & Son* for appellant.

(1) Section 8839, Revised Statutes 1889, imposes no liability on heirs or devisees. Their liability is to be determined by the common law. At common law,

devisee is not liable at all, and the heir only liable on ancestor's covenants when expressly named in the covenant. Bartlett's devisees were not mentioned in the covenant in his deed to Charless. *Whittlesey v. Brohammer*, 31 Mo. 98; *Sauer v. Griffin*, 67 Mo. 654; *State v. Miller*, 18 Mo. App. 42; Rawle on Cov., secs. 309, 596; Tiedeman's Real Prop., sec. 856. (2) Devisees or heirs are not liable, where ancestor or devisor left sufficient personal property to discharge his obligations. 2 Woerner's Am. Law Adm., secs. 576, 577; *Dickison v. Garland*, 49 Ill. App. 578; *King v. Snedeker*, 37 N. E. Rep. 396. (3) If the plaintiff as devisee is liable on said covenant, she is only liable for her *pro rata* portion of the damages and not *in solido*. One can not be made liable for the whole. Woerner's Am. Law Adm., sec. 576; *Walker v. Deaver*, 79 Mo. 664; *Pearce v. Calhoun*, 59 Mo. 271; *Metcalf v. Smith's Heirs*, 40 Mo. 572; *Keen v. Watson*, 39 Mo. App. 165; *State v. Pohl*, 30 Mo. App. 326. (4) It is contrary to the statute and the policy of the law to allow any sole act of the husband to defeat dower. R. S. 1889, sec. 4525; *Young v. Thrasher*, 115 Mo. 222; *Long v. Stock Yard Co.*, 107 Mo. 298; *Davis v. Green*, 102 Mo. 181; *Grady v. McCorkle*, 57 Mo. 172. (5) No element of estoppel in this case. *Foote v. Clark*, 102 Mo. 394. (6) The covenants in Bartlett's deed to Charless are limited, by the *habendum*, to the extent of the interest he then owned or might thereafter acquire, and the deed on its face does not purport to convey an indefeasible estate. *Barnett v. Barnett*, 104 Cal. 298; *McCulloch v. Holmes*, 19 S. W. Rep. 1096; *Bodine v. Arthur*, 91 Ky. 53; Washburn on Real Prop. [1887 Ed.], sec. 26; Rawle on Cov. [5 Ed. 1887], secs. 250, 298; Martindale on Con. [2 Ed.], sec. 171; *Hoxie v. Finney*, 16 Gray (Mass.), 332; *Van Renselaer v. Kearney*, 11 How. 326. (7) Dower not a breach of the statutory covenants. *Walker*

*v. Deaver*, 79 Mo. 675. (8) Plaintiff is entitled to dower under the law that prevailed at the time of alienation, in the year 1830. The law making devisees liable to the extent provided by law in case of heirs, was not enacted until many years afterward. 2 Kerr on Real Prop. [1895 Ed.], sec. 911; 2 Scribner on Dower, secs. 21, 23, 24; *Thomas v. Hess*, 34 Mo. 13; *Kennerly v. Ins. Co.*, 11 Mo. 204; *O'Ferrall v. Simplet*, 4 Iowa, 381; *Moore v. Kent*, 37 Iowa, 20.

*W. H. Morrow & Son* and *Fagg & Ball* for respondent.

(1) The husband of appellant was never seized of an estate in fee of the premises in question. He merely held them in trust for another. (2) The property was conveyed by deed of general warranty by the husband of appellant in 1830, which was not executed by the wife, and her inchoate right of dower, if she had any, constituted a breach of the covenant at the time it was made. (3) The husband died in 1893 and the dower right of the widow, if any, was subject to the provisions of section 8839, Revised Statutes of 1889, which operates as an estoppel against the widow until all claims for damages for breach of the covenant contained in Bartlett's deed are ascertained and satisfied. (4) Parties resident in this State should not be compelled to go into a foreign jurisdiction in order to hunt up property to satisfy any damages sustained by the breach of a covenant of warranty in the conveyance of land located here. In support of these positions we refer generally to the following list of cases: *Dickson v. Desire*, 23 Mo. 151; *Metcalf v. Smith*, 40 Mo. 572; *Maguire v. Riggin*, 44 Mo. 514; *State Savings Ass'n v. Kellogg*, 52 Mo. 583; *Titterington v. Hooker*, 58 Mo. 593; *Walker's Adm'r v. Deaver*, 79 Mo. 664; *Blevins v. Smith*, 104 Mo.

583; *Crosby v. Farmer's Bank*, 107 Mo. 436; *Foote v. Clark*, 102 Mo. 394; *Rumsey v. Otis*, 133 Mo. 85; *Sauer v. Griffin*, 67 Mo. .654; *Whittlesy v. Brohammer*, 31 Mo. 107..

SHERWOOD, J.—Action by plaintiff for the assignment of her dower, in lot 57, block 6, in Luce & McAlister's addition to the city of Louisiana. The action was brought in September, 1893, and the cause tried at the March term, 1895. In 1822, W. H. 'C. Bartlett (whose widow and relict brought this action) was resident of Pike county, and on the twenty-second of April of that year he acquired the land in litigation from Marshall Mann, his stepfather, who had previously purchased it at sheriff's sale on the eleventh of the same month. The deed to Bartlett was executed by both Mann and the mother of Bartlett, and the consideration mentioned was that of parental love and affection. In 1824 Bartlett left this State,. going as a cadet to West Point, and never returned here to live. On the fourth day of February, 1830, plaintiff became the wife of Bartlett in the city of Newport, Rhode Island, the marriage resulting in the ·birth of seven children who survive him. During all their married life plaintiff and her husband were nonresidents of this State.

Bartlett died on the eleventh of February, 1893, in Yonkers, New York, at the age of eighty-eight years. On the fifteenth day of November, 1830, Marshall Mann, by virtue of a power of attorney derived from Bartlett, conveyed the property in suit to one Charless. This deed, on which this controversy hinges, was based on a consideration of $300, and contains these covenants:

"Have granted, bargained, sold and conveyed and by these presents do grant, bargain, sell and convey unto the said Edward Charless, his heirs and assigns

(here said land is described) to have and to hold the said above described piece or parcel of ground with all and singular the rights, privileges, ways and appurtenances thereunto belonging or in anywise appertaining as fully and completely as the same now does or hereafter may belong to the said Bartlett to him the said Edward Charless, his heirs and assigns in fee simple, and I, the said Bartlett, doth further covenant, warrant and agree for himself by his heirs, executors and administrators to warrant and defend said title in the said Edward Charless, free from all claim or claims of or by any person in, through, or by him, the said Bartlett, or in, through, or by any other person or persons whomsoever or by any nature whatever in the premises fully and completely." In the deed which contains this covenant Mrs. Bartlett did not join. This deed embraced a piece of land then know as the "Stoddard field," and included the land in dispute, valued at the time of the trial at $3,000. Various *mesne* conveyances finally vested the title of the litigated land in defendant. The plaintiff at the time of the trial was eighty-one years old, and the property of her husband amounting in the aggregate to the value of $220,000, $30,000 of which was real estate, was left by his will to her for and during her natural life. The foregoing facts constitute the basis on which we are to build our judgment in this cause.

At the trial the attempt was made to charge plaintiff as devisee under her husband's will. The law of 1825, volume 1, revision of that year, page 333, when speaking of a widow's seeking enforcement of her dower, declares: "Nor shall she be entitled to dower in any lands, tenements or hereditaments, until all just debts due or to be due by her deceased husband have been paid." This law was repealed in 1835. Touching this law it has been ruled that it has no bearing in favor of anyone except a *creditor* of the estate, to whom,

of course, a *debt* is owing.   As the matter is concisely put in *Thomas v. Hesse*, 34 Mo. 13:   "The meaning of the law is, that among claimants of rights against the estate of a deceased husband, creditors claiming payment of their just debts are to be preferred to the widow claiming dower."  In the present instance defendant does not pretend to occupy the attitude of a *creditor*, and certainly a *third* person can not set up those debts as a bar to the widow's dower.   *Ib.*   In *Walker v. Deaver*, 79 Mo. *loc. cit.* 678, *et seq.*, PHILIPS, C., speaking of the husband's liability on his covenant of warranty in circumstances like the present, said: "The covenant created an *obligation*, but not a *debt.*"   See, also, *Nanson v. Jacob*, 93 Mo. *loc. cit.* 343, as to the distinction to be taken between a claim for money "*due*" and one based on unliquidated damages.   Besides, in the answer of defendant, there are no breaches of the covenant against incumbrances assigned, nor is it alleged that an eviction had occurred in consequence of any such breach, nor that an action had been brought for dower, judgment recovered, and that judgment satisfied.   There could be no breach of the covenant against incumbrances until something of the sort aforesaid had occurred as the basis whereon to assign such breach, unless it were a breach occurring at the time of making the covenant, for which only nominal damages would have been recoverable.   *Walker v. Deaver, supra, loc. cit.* 678, and cases cited.

There are other reasons for doubting whether plaintiff is either estopped or barred from maintaining her action.

At common law the heir was not bound by the obligation of his ancestor, only when *expressly named;* so that in an action against him as heir the averment was necessary that he was named in, and bound by,

the obligation; and in addition to that, another requisite to recovery was that he should have assets by descent sufficient .to meet the demand.   And the same doctrine prevailed as to the necessity of *expressly mentioning* a *devisee* in a covenant in order to bind him. Rawle on Cov. [5 Ed.], secs. 309, 311, 312; Tiedeman, Real Prop. [Enlarged Ed.], sec. 856.   Nor could the land be followed in his hands; he took the land, clear of all liabilites.   *Ib.   Plasket v. Beeby*, 4 East, Rep. 485; *Plunket v. Penson*, 2 Atk.  290.

Upon this feature the learned author already cited observes:   "To prevent the injustice of a devise depriving a specialty creditor of means of satisfaction, the second section of the statute of fraudulent devises (3 Will. & Mary, c. 14) reciting that many persons, after having bound themselves and their heirs, had died seized of lands, and to the defrauding their creditors had devised the same, so that the creditors had lost their debts, declared that all wills; etc., should be taken, as against such creditors and their executors, etc., to be void and of no effect; and the third section gave the creditors a right of action upon their specialties against the heir and devisee jointly, and the devisees were made liable in the same manner as heirs, notwithstanding alienation by them."   Rawle on Cov., sec. 311.

In *Sauer v. Griffin*, 67 Mo. 654, it was held that an action could not be maintained on the bond of the testator against the *devisee*, nor the land devised followed in the hands of the latter, and that in this regard we were then governed by the provisions of the common law.   This was in 1878.   At the next revising session of the legislature, the statute law on this subject (R. S. 1845, p. 220, sec. 8; 1 R. S. 1855, p. 356, sec. 8; G. S. 1865, p. 442, sec. 7) was amended by the passage of section 3944, Revised Statutes 1879, which is

now section 8839, Revised Statutes 1889, which is the following: "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement shall be answerable, upon such covenant or agreement, to the extent of the lands descended or devised to them, in the cases and in the manner prescribed by law [and devisees shall be answerable to the same extent as provided by law in case of heirs]." The words in brackets indicate the amendment.

As under our laws of administering estates the obligations of the decedent, whether testate or intestate, bind the assets of the estate in the hands of the heir, no matter what form those obligations may assume, and as the section quoted makes a devisee equally answerable with an heir, it must be held, speaking in a general way, that the defect previously existing in the law was cured by the amended section.

But further observations on that section and its application to the facts of this particular case are thought to be pertinent. It is to be noted that the covenant in question, though it mentions *heirs*, does not mention *devisees*, so that under the common law then prevalent it is clear that the devisee was not bound by that covenant at the time of its execution. Under these considerations the question arises whether the section under comment is applicable in any event to this covenant, and if so applicable, whether it would not be retrospective in its operation. A law is always construed to be prospective "unless the legislature has so explicitly expressed its intention to make the act retrospective that there is no place for a reasonable doubt on the subject." Black's Const. Law, par. 198, p. 544. See, also, *Leete v. Bank*, 115 Mo. 184, and cases cited; s. c., 141 Mo. 574.

Bartlett v. Ball.

Nor is it to be forgotten that retrospective laws are forbidden *eo nomine* by our State Constitution; and when this is the case it is immaterial whether or not the act interferes with vested rights.   Cooley's Const. Lim. [6 Ed.], pp. 454, 455; Black's Const. Law, par. 197, p. 543.   There is nothing, however, in the section which gives indication of other than prospective operation; if it did it would contravene the Constitution.   The aspect of the section is altogether toward the future; it lets "the dead past bury its dead."   And as the wife's right to dower is inchoate, is in expectancy, and does not become vested until the death of the husband, it follows, of course, that such right may be modified or entirely abolished by the legislature without contravening any vested right protected by the organic law.   Black's Const. Law, 430, 431; Cooley, Const. Lim. 440, 441, and cases cited; *Venable v. Railroad*, 112 Mo. 103.

But it is not thought that the section under consideration was intended *to affect, obstruct or defeat the inchoate dower right of a wife, or such right when it becomes absolute in a widow by reason of her husband's death.*

The legislature of this State, over fifty years ago, enacted the following section in regard to dower:

"No act, deed or conveyance, executed or performed by the husband, without the assent of his wife, evidence by her acknowledgment thereof, in the manner required by law to pass the estates of married women, and no judgment or decree confessed by, or recovered against him, and no laches, default, covin or crime of the husband, shall prejudice the right and interest of the wife, provided in the foregoing sections of this act."   R. S. 1835, p. 228, sec. 7.   This section has remained on our statute books ever since.   R. S. 1845, p. 431, sec. 8; R. S. 1855, p. 670, sec. 13; G. S.,

p. 521, sec. 13; R. S. 1879, sec. 2197; R. S. 1889, sec. 4525. It is inconceivable that the legislature should so sedulously and for so many years guard the inchoate and vested dower right of wife or widow by the strong and explicit terms of the above section, and yet in 1879 adopt a section which would absolutely defeat that right, should the wife become a devisee. See the forcible observations of GANTT, P. J., on section 4525, in *Blevins v. Smith,* 104 Mo. *loc. cit.* 590, 591.

We are therefore of the opinion that a reasonable construction of the two sections requires that in so far as the widow's *dower* is concerned, *but no further,* she may still be a *devisee,* and her mere dower right remain unaffected. This construction, we think, best comports with the legislative intention. Furthermore, the law of 1825 already quoted relates only to "just *debts due or to be due;*" and in England, upon a similar statute, it was ruled that as it only spoke of *"debts* and actions of *debt,"* that an action could not be maintained against a devisee of one who had given *"covenants for title." Wilson v. Knubley,* 7 East, 134. To remedy this an amended law was passed which included *"covenants"* as well as *"debts."* Moreover, it will not be presumed that the legislature intended that the act of 1825 should operate beyond the boundaries of this State, and had such been the intention it would have been wholly inoperative. *Wilson v. Railroad,* 108 Mo. 588, and cases cited. *State v. Gritzner,* 134 Mo. 512. In no point of view, therefore, can the judgment recovered by defendant be permitted to stand.

In conclusion it is proper to state that the act of the lower court was wholly unwarranted in taking the case from the jury after the evidence was in, and determining it without their aid.

Judgment reversed and cause remanded. All concur.