Honorable Richard J. DeCoster State Representative 407 Capitol Building Jefferson City, Missouri 65101
Dear Mr. DeCoster:
This letter is in response to your opinion request asking as follows:
 "If a county would adopt a charter under the provisions of Section 18, Article VI of the constitution of Missouri as proposed in the perfected copy of HJR 58, Second Regular Session, 78th General Assembly which said charter contained no provisions prohibited by the constitution and/or laws of the state, would the subsequent adoption of a constitutional provision or enactment of a law prohibiting a provision contained in the charter nullify or void the provision of the charter?"
House Joint Resolution No. 58 of the 78th General Assembly as perfected, to which you refer, is a proposed joint resolution submitting to the qualified voters of Missouri an amendment repealing Sections 18(a), 18(b) and 18(f) of Article VI of the Constitution of Missouri relating to special charters for counties and adopting four new sections in lieu thereof.
The pertinent section to which you refer is Section 18 (b) which provides:
 "The charter shall provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, and for the exercise of all powers and duties of counties and county officers [prescribed] not prohibited by the constitution and laws of the state."
Obviously, a basic question to be determined with respect to any constitutional provision or law and its effect on such a charter is the intent of the people in adopting such constitutional provision or the intent of the legislature in enacting such law.
It has been stated on numerous occasions that the prohibition contained in Section 13 of Article I of the Missouri Constitution against retrospective or retroactive legislation is for the protection of the citizens and not for the state. GrahamPaper Co. v. Gehner, 59 S.W.2d 49 (Mo.Banc 1933). This means that the legislature does have the authority to enact laws which are retrospective to the extent that they may affect only political subdivisions, such as counties, of this state and which do not affect the rights of individual citizens. Retrospective laws which affect the rights of individuals are the type of laws which are prohibited by the Bill of Rights of the Missouri Constitution.
It is our view that the provisions of Section 18(b) as proposed would mean that the adoption of a constitutional provision or the enactment of a law prohibiting a provision contained in the charter would nullify conflicting provisions of an existing charter under Section 18(b).
It is thus our view that this proposed provision means that a county charter provision which is contrary to a constitutional or statutory provision is invalid whether such constitutional or statutory provision is enacted prior to or after the framing of such county charter.
Very truly yours,
 JOHN C. DANFORTH Attorney General