Dear Mr. Crist:
This letter is in response to your request for an opinion on the following question:
 Will insurance companies that have deferred the payment of premium taxes pursuant to 4 CSR 190-11.130 prior to January 1, 1987, still be required to pay the deferred taxes when the "pay-out" of the annuity commences on or after January 1, 1987?
Generally, insurance companies, domestic or foreign, are subject to an annual tax of two percent per annum upon the direct premiums received in this state or on account of business done in this state. See Sections 148.340 and 148.370, RSMo Supp. 1984. However, insurers were allowed to exclude all premiums received in connection with federally qualified annuities when computing the yearly premium tax. See Section148.390, RSMo 1978. Although subject to the premium tax, the Division of Insurance for the State of Missouri recognized that certain flexible payment deferred annuities which were not federally qualified could not be taxed accurately based on yearly premiums because the full risk on the contract may not be determinable and may not attach to the insurer until the total number of premiums are actually applied to provide annuity payments. Accordingly, the Division promulgated a rule,4 CSR 190-11.130, which became effective January 2, 1976. Subsection (2) of this regulation provides:
 Reporting premiums for premium tax purposes: Insurers writing flexible payment deferred annuities as defined herein may consider as "premiums received" for such contracts within the meaning of sections 148.310 through 148.430 RSMo the amount actually applied at the annuity commencement date to provide the annuity. Such "premiums received" shall be equal to the value of the contract on the annuity commencement date applied to provide a guaranteed or variable annuity.
You have informed us that approximately sixty-seven insurers have deferred taxation of approximately $643,531,380.26 in premiums pursuant to this regulation as of the date of your letter, October 20, 1986. A two percent premium tax on this deferred amount would equal approximately $12,870,627.61.
On June 11, 1986, Senate Bill No. 425, Eighty-Third General Assembly, Second Regular Session, was signed into law. The effective date of Senate Bill No. 425 is January 1, 1987. Under the new law, all annuity contract premiums are to be excluded from taxable premiums, not just federally qualified annuities.
In our opinion, the new law will not allow insurance companies that have deferred the payment of premium taxes pursuant to 4 CSR 190-11.130 to avoid taxation on premiums paid prior to January 1, 1987, even though the total amount of those premiums are yet unknown, because of the unique characteristics of the flexible payment deferred annuity. It is clear from the statutes that the annual premium tax paid by insurance companies in this state is based upon premiums received during a specified time. Before January 1, 1983, the amount of tax due was based on total premiums received in the preceding year; after January 1, 1983, the amount of tax due has been paid in four estimated quarterly installments based upon the last year's tax, with a fifth reconciling installment to be paid if the company owes more tax based on the number of actual premiums received.See Sections 148.350 and 148.380, RSMo Supp. 1984. The regulation promulgated by the Division of Insurance does not create or set the rate of the premium tax on non-federally qualified annuities, it simply defers the payment of taxes already owing until a later date, the date on which the annuity is "fixed" pursuant to the contract. Once that date is reached and the annuity becomes fixed, all premiums included within that annuity which were received prior to January 1, 1987, are subject to the premium tax which was in effect at the time the premiums were originally received by the insurance company.
The legislature is powerless to release the insurance companies from this obligation. Article III, Section 39(5) of the Missouri Constitution specifically states:
 Limitations on power of general assembly. — The general assembly shall not have power:
* * *
 (5) To release or extinguish or to authorize the releasing or extinguishing, in whole or in part, without consideration, the indebtedness, liability or obligation of any corporation or individual due this state or any county or municipal corporation; . . .
The fact that the actual amount of premium tax due under4 CSR 190-11.130 may not be determined until after January 1, 1987, does not compel a different result. In Graham Paper Co.v. Gehner, 332 Mo. 155, 59 S.W.2d 49, 52 (en banc 1933), the taxpayer claimed that a new income tax law, effective July 3 of the calendar year, must be applied to the entire year because the tax for that year could not be ascertained until the end of the year. Citing Article 4, Section 51 of the Missouri Constitution, a provision virtually identical to the current Article III, Section 39(5), the Missouri Supreme Court rejected the taxpayer's argument. The court held that tax under the old law was due for the period of January 1 to July 3, the effective date of the new law, even though such tax was not yet due or payable on the date when the new law became effective. The court found that such a tax was an obligation or liability within the meaning of the Constitution and could not be extinguished or released by legislative enactment.
We believe the same reasoning applies in this case. The legislature cannot extinguish a tax owed by the insurers on premiums from certain annuities where the premiums were actually paid before January 1, 1987, but the tax deferred pursuant to a regulation promulgated by the Division of Insurance.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General