THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
THE SPRING VALLEY HYDRAULIC GOLD COMPANY, Appellant.

Under the act of 1880 (Chap. 542, Laws of 1880), providing for "raising taxes for the use of the State upon certain corporations," etc., the first report required to be made by the officers of the corporation included in the act was to be made in November, 1880, and the first tax paid in January, 1881 ; and this, although at the latter date the corporation had not been in existence for a year.

This construction does not give to the act a retroactive effect, as the tax so imposed was to pay the prospective expenditure for the fiscal year commencing October 1, 1880.

(Argued April 23, 1883 ; decided May 8, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 22, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to recover the amount of a tax alleged to be due from defendant, a domestic corporation, on January 1, 1880, under the act chapter 542, Laws of 1880.

The material facts are stated in the opinion.

*Ro. L. Harrison* for appellant. The tax levied under the statute in question is a tax on the franchise in contradistinction to a tax on the property of the company. (*Prov. Inst. v. Massachusetts*, 6 Wall. 361, 630, 632 ; *Soc. for Savings v. Coite*, id. 608, 609 ; Laws of 1881, chap. 361.) It is a tax upon the enjoyment of the franchise for the period of a year. (*Park B'k v. Wood*, 24 N. Y. 93 ; *Susq. B'k v. Supervisors of Broome*, 25 id. 312.) Statutes are to have a prospective and not retrospective operation. (Broom's Legal Maxims, 14 ; *Dash v. Van Kleeck*, 7 Johns. 447; *Warren M'f'g Co. v. Ætna Ins. Co.*, 2 Paige, 501 ; *People, ex rel. 23d St. R. R. Co., v. Commrs. of Taxes*, 81 N. Y. 593 ; 14 N. Y. W'kly Dig. 464; *Drexel v. Comm.*, 46 Penn. St. 31; *People v. N. Y. Floating Dry Dock Co.*, Sept. Term, 1882.) Under the most favorable construction for the plaintiff, the tax in question should be apportioned, and the defendant should be taxed on its franchise during that portion only of the year that it existed after the act had become a law. (*Ebervale Coal Co. v. Commw.*, 91 Penn. St. 47.)

*Leslie W. Russell*, attorney-general, for respondent. Defendant, in all the essentials of its actual existence and the right to exercise the powers conferred upon it, is conclusively within the jurisdiction of this State, and for the purposes of taxation it does not matter where its actual business is carried on or where its tangible property is situated. Its capital stock is property, and so are its franchises, either or both of which are legitimate subjects of taxation. (*Soc. for Savings v. Coit*, 6 Wall. 594, 606, 607; *State Tax on Foreign-held Bonds*, 15 id. 300, 419 ; *People v. The Mayor*, 4 N. Y. 419.) Uniformity of taxation is a question governed entirely by the Constitution and laws of the State. The legislature in the exercise of the taxing power is supreme unless limited by the Constitution. (*B'k of Chenango v. Brown*, 26 N. Y. 467 ; *State Tax on Foreign-held Bonds*, 15 Wall. 314 ; *State R. R. Tax Cases*, 92 U. S. 575, 611 ; Cooley on Taxation, 129, note 1 ; *St. Louis v. Wehrung*, 46 Ill. 392; 48 id. 172; 92 id. 339;

94 id. 364; *Youngblood* v. *Sexton,* 32 Mich. 406; *Litchfield* v. *Vernon,* 41 N. Y. 124; *People* v. *The Mayor,* 4 id. 419; *Slaughter-house Cases,* 16 Wall. 36, 81.) The power of the legislature to apportion taxation and to classify the subjects and persons which are to be taxed is identical with, and inseparable from, the power to tax. (*People* v. *Mayor, etc.,* 4 N. Y. 419, 426, 427; Cooley on Taxation, 175, 179; *Comm.* v. *People's Five Cent Savings B'k,* 5 Allen, 428, 436, 437.) The rules cited as to the repugnancy of the courts to a construction which would favor retroactive legislation do not apply in this case. (Cooley on Taxation, 169, and note 2, 221; *Locke* v. *New Orleans,* 4 Wall. 172; *Comm.* v. *People's Five Cent Savings B'k,* 5 Allen, 428; Cooley on Taxation, 170; Burroughs on Taxation, § 86; *Soc. for Savings* v. *Coit,* 6 Wall. 608; *Drexel* v. *Comm.,* 46 Penn. St. 31, 40.) The objection that the act of 1880 is unconstitutional in that it requires no assessment of the value of the property taxed is untenable. (Laws of 1880, chap. 542, § 1; *People* v. *Hays,* 7 How. Pr. 248; *Smith* v. *The Mayor,* 37 N. Y. 518, 520.) The act in question is not unconstitutional as violative of section 20, article 3 of the Constitution. (*People, ex rel. Burroughs,* v. *Supervisors of Orange Co.,* 17 N. Y. 235; *Sun Mut. Ins. Co.* v. *Mayor, etc., of N. Y.,* 5 Sandf. 10, 14, 15; *People* v. *Nat. Ins. Co.,* 27 Hun, 188.)

ANDREWS, J. The defendant, a corporation incorporated and organized on the 12th day of February, 1880, under the laws of this State, on the 16th day of November, 1880, by its treasurer, made a report in writing to the comptroller, under oath, setting forth the capital of the corporation paid in, and that no dividend had been declared during the year ending with the 1st day of November. On the same day the secretary and treasurer, after having been duly sworn, estimated and appraised the capital stock of the corporation at $800,000, which was declared to be its actual value in cash, not less than the average price which the said stock sold for during the year ending November 1, 1880, and forwarded to the comp-

troller a certificate of such estimate and appraisal, together with a copy of the oath by them signed, duly attested by the officer before whom it was taken. This action is brought in the name of the people to recover of the defendant a tax at the rate of one and a half mills on each dollar of the valuation of its corporate stock, so made by its secretary and treasurer, amounting in the aggregate to the sum of $1,200, which is alleged in the complaint to have become due and payable to the State from the defendant on or before the 15th day of January, 1881, pursuant to the provisions of chapter 542 of the Laws of 1880.

It is conceded that the defendant is a corporation liable to taxation under the third section of the act. It is claimed, however, by the counsel for the defendant that by the true construction of the act no tax became payable thereunder by the defendant until January, 1882, and this is the only question presented on this appeal.

The act in question is entitled "An act to provide for raising taxes for the use of the State, upon certain corporations, joint stock companies and associations." It inaugurates a new system for the taxation of a certain specified class of corporations for general and State purposes, but as construed, leaves them subject to taxation for local purposes under the pre-existing law. (*People, ex rel. Westchester Fire Ins. Co.*, v. *Davenport*, 91 N. Y. 574.) The general scheme of the act is to impose a tax on corporations paying dividends exceeding six per cent per annum on the basis of dividends declared during the year preceding the imposition of the tax. But when no dividends have been declared, or have been less than six per cent on the par value of the capital stock during such annual period, the tax is based on the cash value of the capital stock, to be ascertained as provided in the act.

To carry out the system it was necessary to provide a method of ascertaining the amount of dividends declared by the corporations liable to taxation under the act, and where no dividends had been declared, or were less than six per cent per annum, the value of the capital stock, and it was

manifestly important that this information should be communicated to the State officers. The first section, therefore, which commences with the word "hereafter," makes it the duty of corporations liable to taxation under the third section, "annually on or before the 15th day of November," to make a report to the comptroller, stating the amount of capital paid in, the date, amount and rate per centum of each and every dividend declared "during the year ending with the first day of said month." And in the case of non-dividend paying corporations, and of corporations whose dividends declared "during the year ending as aforesaid," were less than six per cent on the par value of the capital stock, it provides that "the treasurer or secretary thereof * * * shall between the 1st and 15th days of November in each year in which no dividend has been made or declared as aforesaid * * * estimate and appraise the capital stock of such company upon which no dividend has been made or declared at its actual value, not less, however, than the average price which said stock sold for during said year." The third section imposes the liability to taxation, and declares that the corporations specified "shall be subject to and pay a tax into the treasury of the State annually," to be computed either on the dividends or on the value of the capital stock as the case may be, in the one case the tax to be at the rate of one-quarter mill on the capital stock for each one per centum of dividend, and in the other a half mill on each dollar of valuation.

It is contended that the act does not contemplate that corporations shall make a report under the first section, until the year succeeding that in which it was passed, to-wit: November, 1881, and that no tax was required to be paid under the provisions of the third section, until after that time. This contention rests mainly upon the supposed implication arising from the word "annually" in the first and third sections, and from the requirement that the report to be made under the first section is to state the dividends declared during the year prior thereto, or in case of non-dividend corporations, that the capital stock shall be valued at "not less than the average price which said stock sold for during the year."

It is said that the act having been passed in June, 1880, a report made in November, 1880, is not an annual report, and that the requirement that the report shall state the dividends declared during the year before the report is made, and that when a valuation of the capital stock is to be made, it is to be at a sum not less than the average price for which the stock sold during the same period, indicates that it was the intention of the legislature to allow corporations at least a year after the passage of the act to ascertain the value of their franchise before subjecting them to taxation under the new system. The intention of the legislature in passing a statute, and its true meaning is to be collected from its language, applied to the subject-matter, and in view of the general scope and purpose of the enactment, and the construction of a particular clause or section of a statute, if obscure or doubtful, is to be determined by a consideration of all its parts. A clause or section which, considered separately, may be obscure, or justify one construction, may be made clear by reference to other clauses or sections, or may be subordinated to another and paramount intention derived from other parts of the statute. It is to be observed that the time when the first report is to be made is not stated in terms in the first section, nor does the third section fix the time for the payment of the tax imposed thereby. The time of payment is, however, specifically prescribed in the *fourth* section, which makes it the duty of the corporation upon which a tax is imposed by the preceding sections, " to transmit the amount of said tax to the treasury of the State within fifteen days from the first day of January *in each and every year*." This language is explicit and can be satisfied only by a payment in each January after the passage of the act. In no other way can there be a compliance with the direction that the tax shall be paid within fifteen days from the first day of January in " each and every year." By the construction claimed by the defendant no tax would be payable until January, 1882, nineteen months after the passage of the act, and this would not be a payment " annually," as provided in the third section. The claim that it was not intended to tax

corporations which had not been in existence a year at the time of the passage of the act, is not a reasonable one. The act does not exempt from taxation corporations which have paid no dividends, or of which no sales of stock have been made. If dividends have been declared, or sales of stock made, these facts constitute elements in the valuation, but not otherwise. It could not be claimed that a corporation organized in 1881, or in any year after the passage of the act, would be exempted from making a report the succeeding November, or from paying a tax in the January following, on the ground that it had not been in existence for the period of a year, and the defendant stands in no better position, unless on the ground that as to it, the statute, if construed as imposing a tax in January, 1881, would be retrospective, a point which will be considered hereafter. There is another cogent reason for the construction that by the act the first report is to be made in November, 1880, and the first tax paid in January, 1881. The last section declares that the act shall take effect immediately. The *eighth* section declares that the capital stock of corporations liable to taxation under the act, "shall hereafter be exempt from assessment or taxation, except as in this act prescribed." It may be safely assumed that it was not the intention of the legislature to exempt the corporations mentioned in the third section, from taxation for State purposes for the fiscal year commencing October 1, 1880. But such would be the effect of the construction insisted upon by the defendant. The act exempts such corporations from assessment and taxation "hereafter," except as in the act prescribed. Under the system of taxation which prevailed before the act of 1880 was passed, the tax levied in each year for State purposes (commonly called the State tax) in each of the counties of the State (other than the county of New York) was levied and collected to pay the State appropriations and expenditures for the fiscal year commencing October 1st and ending September 30th. The tax was levied in advance of the expenditures, that is to say, a State tax levied in the fall of any year, was levied to pay State charges

and appropriations for the fiscal year commencing the first day of October of the same year. The tax imposed by the act of 1880, is a substitute for the tax collected in the several counties of the State under the former system. When the act was passed, the assessment of property liable to taxation for that year under the then existing laws, including the property of corporations (in counties other than New York), had not been completed, nor had the assessment-rolls been made, nor had the State tax been apportioned. (Laws of 1859, chap. 312, § 8.) The *eighth* section of the act of 1880, abrogated the old system of taxation for State purposes, as to counties where the assessment had not been made, and substituted the system prescribed by that act, and that system was made exclusive from the time of its passage. A construction which would relieve corporations from all taxation for State purposes, for the fiscal year commencing October 1, 1880, could only be allowed where the statute was incapable of any other construction, and such a construction is not required in respect to the statute in question.

It is claimed by the defendant that if the statute is construed as requiring corporations to make a report in November, 1880, and to pay a tax under the act in January, 1881, it necessitates giving a retrospective effect to the act, which is contrary to principle and the accepted canons of construction. But we are of opinion that this objection is not well founded. It must be borne in mind that the tax which corporations become liable to pay under the act of 1880, is a tax for State purposes only, and takes the place of the tax for State purposes under the former system. Corporations have been relieved from the one and are required to pay the other, and in paying the first tax under the act of 1880, in January, 1881, they are simply paying their share of a prospective expenditure of the State for the current fiscal year. The tax was in no just sense the imposition of a burden for past transactions, or a tax on franchise or business prior to June 1, 1880. The fact that the amount of the tax may in some cases be fixed by reference to the business of the company during the

year, does not make the act retrospective. The burden it imposes is future, and for future expenditures. It is competent for the legislature to adopt such method of valuing the franchise or property of corporations for the purpose of taxation, as it deems proper.

The defendant we think was liable to pay the tax sued for, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.