CHARLES F. SMITH, Appellant, v. CLEM A. DIRCKX, County Clerk.

In Banc, June 19, 1920.

1. **INCOME TAX: Act of 1919: Applied to Entire Year.** The Legislature intended that the Act of 1919, increasing the income tax from one-half of one per cent to one and one-half per cent, should apply to "the entire net income received in the calendar year 1919."

Smith v. Dirckx.

2.  ———: Retrospective Act: New Obligation. So much of the amendment of 1919 to the Income Tax Law as undertook to assess an additional tax of one per cent upon that portion of the net income for the year 1919 which was received by the taxpayer prior to the time said amendment went into effect on August 7, 1919, created a new obligation and imposed a new duty, and was violative of the provision of the Constitution (Art. 2, sec. 15) declaring that no law "retrospective in its operation" can be passed by the General Assembly.

Held, by GRAVES, J., dissenting, that the Act of 1919 was in effect a repeal of the prior act, and the Legislature could have entirely repealed the prior law and enacted a new income-tax law imposing a tax on all the income received during the year 1919 prior to December 31, and that was in effect what was done; and the taxpayer cannot complain that the Legislature enacted a law in May, effective in August, which imposed a tax upon his entire income received during the year the law was enacted, for such a law would not create a new obligation or impose a new duty, and would not be retrospective. The basis for an income tax is the income for a whole year, and the amount of the income cannot be ascertained until the year ends, and a law which imposes a tax on the income for the entire year, enacted before the year ends, is not retrospective.

3.  ———: ———: Extent of Operation. But the fact that the amendment of 1919 to the Income Tax Law, in so far as it undertook to increase the tax on the income received by the taxpayer prior to the time said amendment went into operation on August 7, 1919, was retrospective, did not make invalid the tax imposed by the former law upon so much of the income as was received prior to August 7, at the old specified rate, for that portion of the amended rate which did not exceed the old rate did not impose a new obligation.

4.  ———: ———: Power of General Assembly. The General Assembly, unless restricted by the Constitution, may enact a valid retrospective law, unless inhibited by some other constitutional provision. But it has no power to enact such a law when the Constitution specifically says that no law "retrospective in its operation" can be passed.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*A. L. McCawley* and *Adolph McGee* for appellant.

(1) The Legislature has no power to make an income tax rate retrospective in its operation. Sec. 15, art. 2, Mo. Constitution; Gladney v. Sydnor, 172 Mo. 318; Reed v. Swan, 163 Mo. 100; City of St. Louis v. Clemens, 52 Mo. 143; Toll v. Eastern Railroad, 18 N. H. 547; McKeown v. Davidson, 43 Ga. 480; Rosche Bros. v. Commissioners, 50 Ohio St. 103; Young v. Town of Henderson, 76 N. C. 420. (2) If the Legislature has the power to make an income tax rate retrospective in its application, it did not in the passage of the Act of 1919 amendatory of the Income Tax Law of 1917, intend to exercise that power. Walton v. Fudge, 63 Mo. App. 52; Reed v. Swan, 133 Mo. 1; Leet v. State Bank of St. Louis, 115 Mo. 184.

*Jamison & Thomas* as *Amicus Curiae.*

(1) The Legislature is prohibited by the State Constitution (Art. II, sec. 15, and Art. XII, sec. 19) from passing a law retrospective in its operation, or which imposes upon the people of the State a new liability in respect to transactions or considerations already past. Hence, the Income Tax Law of 1919 (Laws 1919, pp. 718-721), which went into effect on August 7, 1919, and which assessed a tax upon income accruing prior to said date, is retrospective, in that it imposes a new liability in respect to transactions or consideration already passed, and is, therefore, in violation of above named sections of our Constitution. Hope Mut. Ins. Co. v. Flynn, 38 Mo. 483; State v. Heman, 70 Mo. 441; Barton County v. Walser, 47 Mo. 200; Leete v. Bank, 115 Mo. 198; Gladney v. Sydnor, 172 Mo. 330; State v. Railway, 97 S. W. 71, 100 Tex. 153; Young v. Town of Henderson, 76 N. C. 420; Cooley on Taxation (3 Ed.), 492; 1 Bouvier Law Dict., p. 1104; Sedgwick on Construction of Const. and Statutory Law (2 Ed.), p. 160. (2) Where the language of an act plainly makes it applicable to past acts and transactions, it

must be given a retrospective operation—even though it thereby becomes invalid because it conflicts with the constitutional prohibitions of retrospective legislation, the impairment of contracts, or the disturbing of vested rights. 25 R. C. L. p. 790; Cooley on Taxation (3 Ed.), 494. (3) Prior statutes being expressly repealed by an act, are no longer in force, even though such act, by reason of some provision, be unconstitutional. State ex rel. v. Wardell, 153 Mo. 319; Blankenship v. Ry. Co., 160 Mo. App. 637.

*Frank W. McAllister,* Attorney-General, and *John T. Gose,* Assistant Attorney-General, for respondent.

(1) When a statute treats the year's income as one entire thing, it is not retrospective in the constitutional sense, because in that entirety there is included some portion of the year's income which was earned or received prior to the date of the law. State v. Frear, 148 Wis. 514; Black on Income Taxes (4 Ed.), sec. 22, p. 28; Glasgow v. Rowse, 43 Mo. 479; Endlich, Interpretation of Statutes, sec. 280, p. 377; Moore v. Miller, 5 App. D. C. 427; Murchison v. McNeill, 60 N. C. 226; People v. Spring, 92 N. Y. 390; Drexel v. Commonwealth, 46 Penn. 40; Edwards v. Keith, 224 Fed. 587; Stockdale v. Ins. Co., 87 U. S. 331; The Queen v. St. Mary, 12 Q. B. 127; The Queen v. Christchurch, 12 Q. B. 149. (2) Our statute not only deals with the income of 1919 as an entirety, but the income which it takes as the basis of the tax is an income which cannot be split up into parts and some parts or parts be referable to any particular month or months prior to the enactment of the law. Our act concerns itself with only the entire net income for the calendar year 1919. Such entire net income has, and can have no existence prior to the 31st day of December, 1919. It becomes net income only after the deduction of all exemptions and allowances permitted by the act. No part of the net income of any year is or can be referable to any particular month. It is an entirety; in-

divisible and indissoluble. The law, as a law, is wholly prospective, both as to the time taxed and the purpose of the tax. Sec. 1, Laws 1919, pp. 718-719. When the net income is finally determined, it is something quite distinct from the gross income as received month by month. It is impossible to pick out any part of such net income and say that it is the result of the labor or earnings of any particular month. (3) Apart from the foregoing, the power of the General Assembly to enact such statute is no longer open to question, because this court has determined that the Legislature is no more restricted in taxing incomes than it is in laying occupation and other taxes relating to the activities of the individual taxed. Under this construction of the income tax, the income of any year is but the measure of the tax. The objection of retrospectivity, therefore, being merely to the measure of the tax, is obviously without merit. Ludlow-Saylor Wire Co. v. Wollbrinck, 275 Mo. 339; Glasgow v. Rowse, 43 Mo. 479; City of Richmond v. Creel, 253 Mo. 257; St. Louis v. McCann, 157 Mo. 301; City of Aurora v. McGannon, 108 Mo. 38; St. Louis v. Sternberg, 69 Mo. 301; Express Co. v. St. Joseph, 66 Mo. 675.

WILLIAMS, J.—This is an appeal from the judgment of the Circuit Court of Cole County, sustaining a demurrer to the plaintiff's petition. The suit involves the construction and validity of a portion of an amendment to the Income Tax Law of this State, approved May 6, 1919. [See Laws of Missouri of 1919, page 718, et seq.] The petition omitting caption and signature is, as follows:

"Comes now the plaintiff herein for himself and in behalf of all other persons similarly situated, and files this, his bill in equity, alleging:

"First. That he is now and, at all times herein mentioned, was a citizen and resident and taxpayer of the City of Jefferson, County of Cole and State of Missouri.

"Second. That defendant, Clem A. Dirckx, is the duty elected, constituted and acting county clerk of said Cole County, Missouri.

"Third. That plaintiff is now and was at all times hereinafter mentioned, engaged in the real estate business in said City of Jefferson, in Cole County, Missouri; that he is now and was at all times herein mentioned the owner of real and personal property in said City of Jefferson; that during the calendar year 1919 he earned and received a net income from his said property and business in the amount of three thousand dollars, and that one-half thereof, to-wit, the sum of $1,500, was earned and received on and prior to the 7th day of August, 1919; that after deducting the amounts permitted by law there remained of said net income of $3,000 a balance of $800, upon which an income tax was due the State for the year 1919, to be assessed and paid during the year 1920; that on the . . . day of February, 1920, plaintiff made out and filed with the assessor of Cole County, Missouri, a return of the total net income of plaintiff for the year 1919 in pursuance of the requirements of the Act of the General Assembly of the State of Missouri, approved April 19, 1917, Laws of Missouri 1917, pages 524 to 538, inclusive, entitled, 'An Act providing for the assessment, levying, collecting and paying of income tax,' and amendment thereto approved May 6, 1919, Laws of Missouri 1919, pages 718 to 721, inclusive; that said assessor duly entered said return upon his income tax books as provided by law, and has certified the result to the defendant for the purpose of computation of the income tax thereon and the entry thereof upon the tax books for collection from plaintiff herein; that defendant is threatening and has declared his intention to compute the taxes thereon at the rate of one and one-half per centum upon the entire taxable income for the year 1919, and deliver the same to the county collector for collection against this plaintiff, and is threatening to expend funds of the State of Missouri derived

283 Mo.—13

from taxpayers, of whom plaintiff is one, in the enforcement of such unlawful and unauthorized rate.

"Fourth. Plaintiff says that the declared intention and threats of defendant to tax his entire taxable income for the year 1919 at the rate of one and one-half per centum of said income, is based upon defendant's interpretation of Section 1, Laws of 1919, pages 718 and 719; that said interpretation so placed by defendant upon said law is unauthorized by and in violation of said law; and that said section as so construed by defendant would be unconstitutional, null and void, in that said section so construed would be in direct violation of Sections 15 and 30 of Article II and Section 19 of Article XII of the Constitution of Missouri, and the Fifth Amendment of the Constitution of the United States, because, so construed, it is retrospective and retroactive in its operation and imposes upon plaintiff and the people of each county of this State a new liability in respect to transactions or considerations already past and takes the property of plaintiff, and those similarly situated, without due process of law.

"Fifth. That, notwithstanding said interpretation so placed upon said law by defendant is unauthorized by and in violation of said law, and notwithstanding the unconstitutionality of said section of said income tax law as construed by defendant, he has declared his intention and is now threatening to proceed under such construction to compute and enter income taxes thereunder against many and divers and numerous individuals and corporations in said Cole County, Missouri, at the rate of one and one-half per centum upon the entire net income for the year 1919, and that unless this court interferes by injunctive process, a multiplicity of suits to collect taxes so computed and certified for collection, will of necessity result.

"Sixth. Plaintiff further states that defendant's threatened unlawful, wrongful and unauthorized action is the result of misinterpretation of said Section 1 of the Laws of 1919, pages 718 and 719; that said amendment

of the Income Tax Law of 1917, Laws of 1919, pages 718 to 721, of which said Section 1 is a part, was approved May 6, 1919, and became effective August 7, 1919; that said section of said law when properly and rightfully construed causes said rate of one and one-half per centum to be applied only to that part of the income of 1919 earned and received on and subsequent to August 7, 1919, and that the balance of said income, to-wit, that earned and received on and prior to Auvust 6, 1919, is taxable at the rate prescribed by the original act of 1917, to-wit, the rate of one-half of one per centum; that for defendant to compute and certify to the collector for collection the entire net taxable income of plaintiff for the year 1919 at the rate of one and one-half per centum as defendant has declared his intention and is now threatening to do, is in violation and unauthorized by said law, and is an impairment of plaintiff's vested right, an imposition upon him of a new liability in respect to transactions and considerations already past, and the taking of his property without due process of law.

"Seventh. Plaintiff has no adequate redress or remedy by suit at law, and is without adequate remedy except by writ of injunction in a court of equity.

"Wherefore, by reason of such wrongful, unauthorized and unlawful interpretation of said law so construed by defendant in violation of said law, and by reason of the unconstitutionality of said income-tax law as construed by defendant, and by reason of his declared intention and threat to unlawfully, wrongfully and without authority of law compute and extend the tax upon plaintiff's entire income for the year 1919 at the rate of one and one-half per centum, and by reason of each and every of the facts hereinbefore set out, plaintiff prays the court to permanently enjoin and restrain defendant from computing and entering upon his income-tax book, for delivery to the collector of Cole County, for enforcement against plaintiff, a tax upon his entire net income for the year 1919 at the rate of one and one-half per centum, and to limit and restrain the computation and entering

of said income tax at the rate of one and one-half per centum to that part of plaintiff's taxable income for the year 1919 earned and received on and subsequent to the date of the taking effect of said amendment, to-wit, August 7, 1919, and to permanently enjoin and restrain said defendant from computing and entering upon his income-tax book that part of plaintiff's income earned and received, to-wit, the sum of $400, prior to the date of the taking effect of said amendment, at a greater rate than one-half of one per centum thereon, and for such other and further relief as may be just and equitable, and for his costs in this behalf expended."

The Income Tax Act as originally passed in this State (Laws 1917, p. 524) provided the rate of taxation upon net income for the last half of the calendar year of 1917, and each calendar year thereafter, at one-half of one per centum.

This law was amended by an act approved May 6, 1919, (Laws 1919, p. 718), providing that the rate of taxation upon net incomes for the calendar year of 1919, and in each calendar year thereafter, should be one and one-half per centum.

I. There are but two questions presented upon this appeal. They are purely legal ones and may be stated as follows:

1st. Did the General Assembly by the amendment of 1919 (Laws 1919, p. 718) undertake to apply the increased rate to the net income received during the *entire* calendar year of 1919?

2nd. If the above amendment did so provide, does that portion of the amended rate which was an increase over the old rate operate retrospectively, in violation of article 2, section 15, of the Missouri Constitution, as to that portion of the net income received by appellant during the calendar year 1919, and prior to August 7, 1919, the date upon which the amendment became effective? These questions will be treated in their order.

II. We are of the opinion that the General Assembly intended that the amendment of 1919 should apply to the net incomes for the entire year of 1919. Section 1 of the amendment reads as follows:

"There shall be levied, assessed, collected, and paid annually upon the entire net income received in the calendar year nineteen hundred nineteen from all sources by every individual, a citizen or resident of this State, a tax of one and one-half per centum upon such income; and a like tax shall be levied, assessed, collected, and paid annually upon the entire net income received in the year nineteen hundred and nineteen from all sources within this State by every individual, a non-resident, including interest on bonds, notes or other interest-bearing obligations of residents, corporate or otherwise. The foregoing tax shall apply to the entire net income, except as hereinafter provided, received by every taxable person in the year nineteen hundred and nineteen and in each calendar year thereafter."

*Entire Year.*

It will thus be seen that the amendment specifically provides that the tax shall apply to the *entire* net income received by every taxable person in the *calendar year* 1919. We therefore have no hesitation in saying that income received in 1919 and prior to the taking effect of the amendment was intended to be included.

III. Does the additional one per cent operate retrospectively upon that portion of the net income for the year 1919 which was received by appellant prior to the going into effect of the amendment and thereby violate Article 2, Section 15, of our State Constitution? After very careful consideration of this point we reach the conclusion that the same must be answered in the affirmative.

*Retrospective Law.*

Section 15 of Article 2 of our Constitution provides: "That no *ex post facto* law, nor law impairing the obligation of contracts, *or retrospective in its operation,* or making any irrevocable grant of special privileges or immunities, can be passed by the General Assembly." (Second italics ours).

It will thus be seen that our Constitution contains an express inhibition against the passage of a "law retrospective in its operation."

In the case of Reed v. Swan, 133 Mo. 100, l. c. 108, GANTT, P. J., speaking for the court quoted with approval Mr. Justice STORY's definition of a retrospective law as follows: "Every statute which takes away or impairs vested rights acquired under existing laws, *or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past,* must be deemed retrospective." (Italics ours.)

To the same effect are the following decisions: Leete v. State Bank, 115 Mo. 184, l. c. 198; Bartlett v. Ball, 142 Mo. 28, l. c. 36; Bartlett v. Tinsley, 175 Mo. 319, l. c. 332; Ruecking Const. Co. v. Withnell, 269 Mo. 546, l. c. 558.

Applying the above definition to so much of the amendment of 1919 as undertook to assess *an additional one per cent upon that portion of the net income for the calendar year of 1919, which was received by appellant prior to the going into effect of said amendment* we are clearly of the opinion that it "did create a new obligation or impose a new duty" in regard thereto and that the amendment does to that extent operate retrospectively and is in violation of the above mentioned constitutional inhibition against retrospective laws. It would be difficult to reach any other conclusion while looking the constitution squarely in the face.

However, this should not operate to prevent the collection of a tax not exceeding one-half of one per cent for the period above mentioned. This for the reason that since the old law imposed a tax of one-half of one per cent upon that portion of his income which appellant received prior to the taking effect of the 1919 amendment, that portion of the amended rate which did not exceed the old rate did not create a new obligation or impose a new duty. It therefore follows that a tax not to exceed one-half of one per cent may be collected under the amendment with reference to the net income

received by appellant prior to the going into effect of the amendment, without violating the Constitution.

We have been unable to find any decision which may be considered as exactly in point on the retrospective feature of the statute under review. The nearest to it and one which in principle may be said to be in point is the case of Texas v. Railway, 100 Texas, 153. In that case the Supreme Court of Texas had under consideration the Texas Act of July 5, 1905, which undertook to impose a tax on the gross receipts of all railways in that State for the entire year of 1905. The constitution of Texas provided that "no bill of attainder, *ex post facto* laws, retroactive laws, or any law impairing the obligations of contracts shall be made." In passing upon the question as to whether the act was retroactive with reference to that portion of the gross income received prior to the passage of the act the court said, at page 175:

"If the act in question be construed to embrace the whole of the year 1905 and entitles the State to collect the full annual tax for that year, it would confer upon the State a right against the railroads which did not exist before the law took effect, and it would impose upon each railroad a burden to which it was not liable before the law became effective. It is quite plain that the act comes within the provision of the section of the Constitution above quoted and is retroactive in its effect. [Sutherland v. DeLeon, 1 Texas, 250.] The defendants in error claim that because the Legislature could not impose the tax for the portion of the year which expired before the law became effective it can not be enforced for any portion of the taxes for the year 1905. The fact that the Legislature had no power to levy the tax for the time anterior to that at which the law took effect does not render it void as a whole, but the court will give effect to it for that proportion of the time which expired after it became effective; that is, the court will sustain the tax so far as the Legislature had authority to impose it."

The learned Attorney-General cites many authorities in support of his contention that the act in question does not in any sense violate the constitutional provision against retrospective laws. The most important cases and authorities cited by him are: State v. Frear, 148 Wis. 456, l. c. 514; Black on Income Taxes (4 Ed.), sec. 22, p. 28; People v. Spring Valley Gold Co., 92 N. Y. 383, l. c. 390; Drexel v. Commonwealth, 46 Pa. l. c. 40; Stockdale v. Atlantic Ins. Co., 87 U. S. 323, l. c. 331.

A careful investigation of the above authorities discloses that in none of them was the court or author dealing with a constitution which contained an express provision against retrospective laws, as is the case with our Constitution. It is a well settled rule of law that, absent an express constitutional inhibition to the contrary, the General Assembly of a State or the Congress of the United States may pass a retrospective law, provided the law so passed does not violate some other constitutional provision. [Cooley's Constitutional Limitations (7 Ed.), 529; 12 C. J. 1085.] But when the Constitution expressly prohibits such a law, as is the situation with which we are now dealing, quite a different situation is presented, and those authorities dealing with legislative action passed by legislative bodies not thus limited serve no useful purpose in the solution of the problem now presented.

In the case of Leete v. State Bank, 115 Mo. 184, l. c. 198, SHERWOOD, J., in discussing this question said: "But few states have organic laws like our own on the point now being considered, and this will account for the most part for an apparent divergence of adjudication in regard to it. Touching this subject Judge COOLEY (Constitutional Limitations (6 Ed.), 454, 455) observes: 'There are numerous cases which hold that retrospective laws are not obnoxious to constitutional objection, while in others they have been held to be void. The different decisions have been based upon diversities in the facts which make different principles applicable. There is no doubt of the right of the Legis-

lature to pass statutes which reach back to and change or modify the effect of prior transactions, *provided retrospective laws are not forbidden, eo nomine, by the state constitution,* and provided further that no other objection exists to them than their retrospective character.'" (Italics ours).

From the foregoing it follows that the trial court erred in sustaining the demurrer to plaintiff's petition and that the judgment should be reversed and the cause remanded for further proceeding not inconsistent with the views herein expressed.

All concur, except *Graves, J.,* who dissents in a separate opinion, and *Woodson, J.,* absent; *Goode, J.,* concurs in the result.


GRAVES, J. (dissenting).—I cannot agree to the opinion of my learned brother in this case. The Act of 1919, in effect, was a repeal of the Act of 1917, and the enactment of a new law. It clearly repealed the substantial parts of the Act of 1917, and enacted new sections. It repealed the section as to the rate of taxation, and other important sections.

That the Legislature could have repealed the Income Tax Law of 1917, without affecting the rights of plaintiff, there can be no question. In effect this is what was done. That it could have immediately thereafter passed a new income tax law there can be no question. This in effect is just what was done by the Act of 1919. To my mind the question of retrospective action of the Act of 1919 is not an element in the case further than determining the fact whether the Legislature can, in the middle of the year, pass a law providing for an income tax on the income of the whole year. Suppose the Legislature of 1919, in the early portion of the session, had passed an act repealing outright the Act of 1917. Suppose further, that before the close of the session the present amended act had been passed as a new income-tax law, where could plaintiff find room for complaint? His only complaint would be that the Legislature passed a law in May, effective in

August, which levied an income tax upon the net income for the whole year of 1919. To my mind this is the only question in this case. I do not agree to the idea that half of one-per cent can be collected on income prior to August, and one and one-half per cent on income thereafter. This, because the basis of the tax, by very act itself, is the income for the year, and not a part of the year. There is no authority in either act (1917 or 1919) for fixing a tax upon income for portions of the year.

II. As suggested above, the only question is, whether or not by an act passed in May, and effective in August, an income tax can be levied upon the net income for the entire year of 1919? If so, the law is valid.

The usual basis for an income tax is the income for a year's time. This cannot be fixed and determined until the end of the year, the income of which is to be taken as the basis for the tax. So that a law passed in May and effective in August does not reach backward, or act retrospectively, because the thing upon which it acts does not come into existence until December 31st of the year in which the law became effective. The law operates upon the income of the year, as such income is determined on the last day of the year. The law imposes no new liability upon transactions already past but it only imposes a liability upon a transaction which closed on December 31, 1919. The law of 1919 was in force long before the transaction here involved was completed, or even came into existence. The individual income of 1919 might be made up of items, but the income for the year did not come into existence until December 31, 1919. In Black on Income and Other Federal Taxes, sec. 22, p. 28, it is said:

"On general principles and irrespective of explicit constitutional limitations, a statute imposing an income tax may subject to taxation the income of the citizens for the whole of the current year in which the statute is passed, that is, not only so much of the income as accrued from the date of the enactment of the law to the

end of the year, but also that portion which accrued or was earned from the beginning of the year to the date of the law. For the year's income is treated and considered as one entire thing, not as made up of several portions or items. And hence, although the statute might be called retrospective in its operation upon a part of the first year's income, it is not retrospective in such a sense as to render it unconstitutional."

To similar effect is Endlich on Interpretation of Statutes, sec. 280, p. 377, thus: "But a statute is not retrospective in the sense under consideration, because a part of the requisites for its action is drawn from a time antecedent to its passing."

But to my mind the real answer to all contentions is that the income of the year does not and cannot come into, or have an existence, until the end of the year, and the law being in force prior to that time, is in no sense retrospective in action. For these reasons, hurriedly expressed, I dissent.