CENTRAL EUREKA, INC., demandante y apelante, *v.* JUAN GALLARDO, TESORERO DE PUERTO RICO, demandado y apelado.

No. 4355.—*Sometido:* Marzo 28, 1928.—*Resuelto:* Marzo 19, 1929.

*J. H. Brown, G. E. González* y *C. Ruiz Nazario,* abogados de la apelante; *Attorney General George C. Butte, J. A. López Acosta* y *R. A. Gómez, Sub-Procuradores,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En agosto 6, 1925, la Legislatura de Puerto Rico aprobó la Ley No. 74, titulada "Ley para proveer rentas para El Pueblo de Puerto Rico mediante la imposición de ciertas contribuciones sobre ingresos, y para otros fines." Leyes de 1925, pág. 401.

La sección 3 de la ley lee así:

"(a) El término 'año contributivo' significará el año natural, o el año económico que termine dentro de tal año natural sobre cuya base será computado el ingreso neto de acuerdo con las secciones 14 o 30. El término 'año económico' significará un período de contabilidad de doce meses que termine el último día de cualquier mes que no sea diciembre. El término 'año contributivo' incluirá, en el caso de una declaración hecha por una parte de un año, de acuerdo con las disposiciones de este título o con los reglamentos prescritos por el Tesorero, el período por el cual dicha declaración fué hecha. El primer año contributivo, que se denominará año contributivo de 1924, será el año natural de 1924 o cualquier año económico que termine durante el año natural de 1924."

La sección 66 dispone: "Este título se considerará vigente desde enero 1, 1924."

La Central Eureka entabló un pleito sobre devolución de contribuciones pagadas bajo protesta, y, entre otras cosas, atacó la constitucionalidad de dicha ley. Consideraremos la apelación sobre sus méritos, a pesar de que podría ser deses-

timada por haber dejado la apelante de radicar un índice. Hemos descubierto esto cuando, después de leer los alegatos, deseábamos referirnos prontamente a la sentencia dictada por la Corte de Distrito de San Juan.

Hallamos que en la sentencia dictada en junio 23, 1927, se resolvió que la demanda no procedía. En la apelación se señalan tres errores. El primero se refiere al título; el segundo a la supuesta falta de autoridad por parte de la Legislatura para aprobar una ley con carácter retroactivo, y el tercero al error cometido por la corte al no resolver que la contribución no fué impuesta de conformidad con las disposiciones de la citada Ley No. 74.

[1, 2, 3] El primer señalamiento de error puede ser resuelto más fácilmente después de haberse considerado el segundo. Este último, transcrito íntegramente, lee como sigue:

"La Corte de Distrito incurrió en error al no declarar que las provisiones de la Ley No. 74, aprobada en 6 de agosto de 1925, haciéndola retroactiva a ingresos obtenidos durante el año 1924, eran inválidas por estar fuera de las facultades concedidas a la Legislatura de Puerto Rico por el Congreso de los Estados Unidos en dicha materia."

Convenimos con la apelante en que si el Congreso aprueba una ley que es aplicable en todos los Estados Unidos, o, quizá en territorio federal solamente, un cuerpo político, como Puerto Rico, no puede aprobar una ley inconsistente con las disposiciones de la ley federal. Nuestra conformidad está sujeta a la reserva de que un estado o territorio puede legislar sobre aquella parte del campo que no ha sido cubierta por la legislación federal. *Gibbons* v. *Ogden*, 9 Wheaton 1. Sin embargo, resolvemos, y la cuestión es importante, que con anterioridad a 1913 y hasta que la ley federal de contribuciones fué aprobada, Puerto Rico tenía todos los poderes necesarios para aprobar una ley sobre contribuciones que el Congreso mismo tenía, de no tener algunos

más. Esto se desprende del poder legislativo general otorgado por la Carta Orgánica, conocida como Ley Foraker. Antes de ser aprobada la enmienda 16ª. el Congreso no podía, a no ser en proporción al censo, imponer una contribución que pudiera considerarse como una contribución directa. *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429, 557. Dijimos arriba "de no tener algunos más" porque cuando Puerto Rico impone una contribución para ser aplicable en toda su extensión territorial, no existen las razones que motivaron las limitaciones constitucionales al Congreso.

La disposición constitucional dice así: "Ninguna capitación o contribución directa podrá imponerse sino en proporción al número de habitantes, cuyo censo deberá levantarse como ya se dispone en esta Constitución." Art. 1, sec. 9, cláusula 4, R. S. U. S. 21. El censo o la enumeración a que se refería la Constitución era el artículo 1, sección 2, cláusula 3 *a*, el que dispone que "Los Representantes y las contribuciones directas se repartirán entre todos los Estados . . . en proporción al número respectivo de sus habitantes." En otras palabras, si el Congreso con anterioridad a la aprobación de la enmienda 16ª. imponía una contribución general directa sobre ingresos, ésta tendría que ser repartida entre todos los Estados, según la regla establecida en el artículo 1, sec. 2, cláusula 3ª., *supra*. Cuando no se refiere a todos los Estados y solamente un territorio como Puerto Rico está envuelto, el Congreso podía legislar para éste sin la limitación contenida en los párrafos citados y los poderes otorgádosle a Puerto Rico equivalían exactamente a ello. Por tanto, si el Congreso podía aprobar un estatuto de naturaleza retroactiva, Puerto Rico también podía hacerlo. Podemos decir incidentalmente que cuando en 1917 se aprobó la última Carta Orgánica de Puerto Rico, la limitación constitucional relativa a contribuciones sobre ingresos había sido modificada por la enmienda 16ª y por tanto los poderes concedidos a Puerto Rico en cualquier caso eran casi ilimitados.

Nada hay en la Constitución de los Estados Unidos o en la Carta Orgánica de Puerto Rico que impida que su Legislatura apruebe una ley de contribuciones sobre ingresos que tenga efecto retroactivo. Según la corte inferior indicó, estatutos retroactivos pueden ser generalmente aprobados a menos que haya una limitación constitucional, y citó el caso de *Smith* v. *Dirck* (Mo.) 223 S. W. 104, 11 A.L.R. 510. En la página 518 del tomo 11 A.L.R. puede hallarse una nota de casos con la conclusión general de que en ausencia de una limitación expresa pueden aprobarse leyes de contribuciones sobre ingresos con efecto retroactivo. Puede hacerse referencia más particularmente al caso de *Brushaber* v. *Union Pacific Railroad Co.,* 240 U. S. 1. Este principio estaba envuelto (como fué aceptado por las partes en el presente caso) en el de *Fantauzzi* v. *Bonner,* 34 D.P.R. 494.

Uno de sus argumentos principales es que con la existencia de una ley federal fechada en 1924, la Legislatura no puede exceder sus disposiciones. Los letrados sostienen que la sección 261 de la ley del Congreso contiene una limitación, siendo esta sección y sus prototipos los que han concedido a Puerto Rico el derecho a desviarse de la ley federal. Esta sección dice así:

"En Puerto Rico y en las Islas Filipinas las contribuciones sobre ingresos serán impuestas, tasadas, cobradas y pagadas según disponga la ley anterior a la aprobación de la presente.

"Las Legislaturas de Puerto Rico o de las Filipinas estarán facultadas, mediante la aprobación de la debida legislación, para enmendar, alterar, modificar o derogar las leyes de contribuciones sobre ingresos, vigentes en Puerto Rico o en las Islas Filipinas, respectivamente."

La apelante dice que el primer párrafo, *supra,* impide la aprobación de una ley como la adoptada por la Legislatura de Puerto Rico. Sin embargo, necesariamente este razonamiento depende de la teoría de que a no estar autorizado por un estatuto federal específico o particular, Puerto Rico no tiene derecho a aprobar una ley de naturaleza retroactiva.

Evidentemente nada hay en las palabras empleadas en la sección 261 que directamente diga que no se puede aprobar un estatuto con efecto retroactivo. El daño que la apelante deseaba evitar era las disposiciones de la Ley No. 74 que impone una contribución más onerosa que en años anteriores, pero ni aun se sugiere alegación alguna de que la cláusula es confiscante, o algo parecido.

La sección 261 no es en modo alguno una limitación. Esta cuestión fué bien discutida en la opinión de la corte inferior en la siguiente forma:

"Estudiemos todas las leyes en relación con la Carta Orgánica, y veamos si es posible interpretar lo dispuesto en la sección 261 anteriormente mencionada en tal forma que opere como una limitación en los poderes concedidos a la Legislatura de Puerto Rico. El Gobierno Federal, al aprobar la Ley Jones, lo hizo para liberalizar el gobierno de Puerto Rico, aumentando los poderes de su legislatura y dándoles a los puertorriqueños mayor ingerencia en el manejo del gobierno de la Isla. La Ley Jones no solamente amplió los derechos constitucionales concediéndoles la ciudadanía de los Estados Unidos a los puertorriqueños, dándoles mayores libertades, extendiendo su esfera de acción, creando un parlamento, sino que les concedió libertad absoluta para legislar en toda materia que sea de carácter local.

"En 1917, poco después de aprobada el acta Jones, el Congreso de los Estados Unidos va aún más allá, y por la ley creando la contribución de Guerra sobre Ingresos le concede un poder mucho mayor al autorizar a nuestra legislatura a derogar una ley del Congreso de los Estados Unidos. Esto es, el Gobierno Federal ha concedido a Puerto Rico la mayor amplitud en el gobierno de la Isla que puede concederse a ninguna posesión, bajo la bandera americana. Y, sin embargo, la parte demandante pretende que con la frase 'según disponga la ley anterior a la aprobación de la presente,' que aparece en la sección 261, que se destruya ese hermoso edificio creado por el Acta Jones y se limite el poder de la Legislatura para aprobar una ley con carácter retrospectivo."

Según hemos visto, la Ley No. 74 en tanto en cuanto fuere retroactiva, lo es por sus propios términos. Secciones 3 y 66, *supra*. Por tanto, la sección 3 del Código Civil no es un obstáculo para la aprobación de la ley. No tenemos duda

de que la autoridad legislativa es amplísima e incluye el derecho a pasar una ley retroactiva. Los principios generales fueron discutidos ampliamente en el caso de *Fantauzzi v. Bonner*, 34 D.P.R. 494, *supra*. No podemos convenir con los letrados de la apelante en que los poderes legislativos de Puerto Rico están en forma alguna limitados por la falta de delegación específica. Habiéndosele concedido poderes legislativos generales, Puerto Rico tiene el derecho de imponer contribuciones, ejercer el derecho de expropiación forzosa, así como aprobar cualquier otro asunto de legislación general.

Esta opinión ya se ha prolongado más de lo que debía, pero aún nos extenderemos un poco más. Suponiendo que toda la autoridad de la Legislatura para aprobar una ley de contribuciones sobre ingresos emanara de las palabras usadas en la sección 261, sin embargo, creemos que el lenguaje usado demuestra una intención completa por parte del Congreso para autorizar a Puerto Rico a aprobar su propia ley de contribuciones sobre ingresos. "Enmendar, alterar, modificar o derogar," son infinitivos que equivalen a la palabra "aprobar."

Volviendo atrás un poco, si la Legislatura puede derogar toda la legislación anterior, entonces estando derogada tal legislación, bajo sus poderes generales ésta puede hacer lo que el Congreso mismo podría hacer, y aprobar una ley con efecto retroactivo.

Personalmente dudamos que haya verdadero efecto retroactivo en la Ley No. 74 o en una ley similar. Fué aprobada en agosto de 1925 y el pago debía efectuarse en 1926. Los pagos, por tanto, debían hacerse claramente durante años venideros y la apelante en este caso en realidad pagó contribuciones en febrero de 1926. La idea de legislación como la presente es que una contribución corriente debe ser fijada por los ingresos del año anterior. Si la Legislatura en 1926 hubiese prescindido del cobro de las contribuciones sobre

ingresos del 1927 y años posteriores, el efecto total hubiese sido exigir al apelante y a otros pagar una contribución sobre ingresos en el año 1926, calculada por los ingresos obtenidos en 1924. En un negocio establecido es una presunción razonable que las entradas se aumentan y una presunción similar existiría para los ingresos en general. No se impone ningún gravamen a menos que los ingresos, digamos durante 1925, fueran en realidad de verdad menos que los percibidos en 1924. Aun entonces, de acuerdo con la ley de promedios, como las entradas suben y bajan, existe compensación para el contribuyente.

Dudamos que se haya levantado una verdadera cuestión constitucional en este señalamiento de error. Ciertamente no hay ninguna cuestión constitucional relativa a la imposición de contribuciones directas, uniformidad, o algo parecido.

El primer señalamiento de error es que la corte de distrito erró al resolver que las disposiciones de la Ley No. 74, aprobada en 6 de agosto de 1925, haciendo la misma retroactiva a todo el año 1924, no son inválidas por violar lo dispuesto en el artículo 34 de la Ley Orgánica de Puerto Rico, que requiere la expresión en el título del asunto que es objeto de ella. Las palabras específicas del artículo 34 en cuestión son:

"No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título; pero si algún asunto que no esté expresado en el título fuere incluido en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título."

El argumento es que la ley contiene disposiciones retroactivas que no han sido expresadas en el título. Convenimos, sin embargo, con el gobierno en que una contribución sobre ingresos es solamente un asunto; que si una contribución debe ser retroactiva o no, no es un asunto distinto sino

meramente la elección de la Legislatura. Creemos que este señalamiento de error procede de la misma noción errónea, hasta cierto punto, en que se funda el segundo señalamiento de error, o sea, que la Legislatura local no tiene facultad para aprobar disposiciones retroactivas, a menos que se le hayan delegado especialmente. La Legislatura de Puerto Rico tiene amplios poderes para aprobar una ley sin decir en su título si ésta es de aplicación futura o si tiene carácter retroactivo, pero el asunto no aumenta ni disminuye por haberse dejado de hacer tal especificación.

El tercer señalamiento de error lee como sigue:

"La Corte de Distrito incurrió en error al no declarar que la contribución impuesta, cuya devolución se pretende, no estaba impuesta de acuerdo con las disposiciones de la Ley No. 74, aun en el supuesto de que dicha ley fuese válida."

Este señalamiento de error en realidad es demasiado general. *Villar & Co.* v. *Conde,* opinión de la Corte de Circuito de Apelaciones, 30 Fed. (2nd) 588.

La objeción era que el Tesorero, como un funcionario facultado para imponer contribuciones, no exigió una nueva declaración de ingresos sino que se basó en la ya presentada por el apelante en 1921. Tenemos idea de que de acuerdo con las autoridades citadas por el gobierno el Tesorero no está obligado a exigir una nueva declaración de ingresos, sino que puede usar la que tenga a mano, por lo menos hasta que el contribuyente presente otra.

El alegato del apelante era más bien corto, pero no obstante levantaba un número de cuestiones que fueron discutidas extensamente por el Procurador General, y esta discusión o las indicaciones en él contenidas, nos han sido muy útiles al escribir esta opinión.

La sentencia apelada *debe ser confirmada.*